UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN HANDRY FERRER BELLOSO,

Petitioner,

v.

Case No. 2:26-cv-1922-KCD-NPM

WARDEN, FLORIDA SOFT SIDE SOUTH DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Kevin Handry Ferrer Belloso is a citizen of Venezuela currently detained by U.S. Immigration and Customs Enforcement ("ICE"). He asks this Court to release him, arguing that his detention violates the Fifth Amendment. (Doc. 1.)[1] The Government opposes the petition. (Doc. 7.)

Belloso argues that he is entitled to release because his detention has become unconstitutionally prolonged. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (reading 8 U.S.C. § 1231 to authorize continued detention of an alien for six months following an order of removal). But § 1231 has no application here because Belloso does not have a final removal order. (*See* Doc. 7 at 2.)

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Belloso's "detention is [instead] governed by § 1226(a)." *Nardella Mago*, 2026 WL 532485, at *2 (M.D. Fla. Feb. 26, 2026). Which means he is entitled to an individualized bond hearing. *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Belloso has already received a bond hearing, which was denied. (*See* Doc. 7-1 at 9-10.)

The Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). And Belloso has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e).

Because Belloso has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on August 10, 2026.

Kyle C. Dudek
United States District Judge